IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAYMOND M. MARTIN,

    Defendant.

Case No. 4:09-cr-40037-JPG

## MEMORANDUM & ORDER

    This matter comes before the Court on Magistrate Judge Frazier's Report and Recommendation ("R & R") (Doc. 189) wherein it was recommended the Court deny defendant Raymond Martin's requests for hearings on post-judgment executions (Docs. 181, 183, 185) and Martin's request for counsel be denied as moot (Docs. 181, 183, 185, 201). Martin objected to the R&R (Doc. 200) and the government responded to that objection (Doc. 208). This Court originally adopted the R&R (Doc. 195), however, upon learning Martin was not receiving copies of the filings pertaining to him, the Court vacated its order and allowed Martin additional time to object to the R&R (Doc. 198). Having received Martin's objection and the government's response, the Court now reconsiders the R&R.

    After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* The Court must review *de novo* the portions of the report to which specific written objections are made. *Id*. "If no objection or only partial objection is made, the district court

1

judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Here, Martin has objected to the R&R and the Court will thus review it *de novo*.

Martin's objection is not focused on the R&R at hand but rather seems to be contesting the forfeiture of his property in general and giving information about his wife's potential third-party interest in the property. The Court notes there is a separate proceeding ongoing to determine whether there are third-party interests in the property at issue. (*See* Docs. 190, 193, 205). The Court has no reason, therefore, to address the issue of third-party interests with respect to the current R&R. Magistrate Judge Frazier's R&R advised the Court on whether Martin was entitled to the hearings he sought regarding whether there are third-party interests. Magistrate Judge Frazier recommended he was not so entitled and this Court agrees.

Martin is the defendant in the current proceeding and as such, he may contest the forfeiture prior to the entry of the preliminary order of forfeiture, before sentencing. *See* Fed. R. Crim. Pro. 32.2. Martin was sentenced on January 19, 2010 and the preliminary order for forfeiture was entered on January 20, 2010 (Doc. 141). Martin also waived his right to a jury determination of forfeiture on September 27, 2010 (Doc. 116).

Under the Federal Rules of Criminal Procedure, the preliminary order for forfeiture becomes final as to the defendant at the sentencing and the only way to contest the order is to file an appeal within fourteen days of the order being entered. Fed. R. Crim. Pro. 32.2; Fed. R. App. Pro. 4(b). Although parties claiming a third-party interest in the forfeited property may be entitled to a hearing, the defendant is excluded. 21 U.S.C. § 853(n)(2) (stating "[a]ny person, <u>other than the defendant</u>, asserting a legal interest in property … may… petition the court for a hearing"). Martin's order was signed on January 19, 2011 and docketed on January 20, 2011

(Doc. 141). Martin filed a notice of appeal as to his sentence on January 20, 2011 (Doc. 139) and this is the only mechanism through which Martin may now contest the forfeiture order. Potential third-party interests will be determined through the separate proceedings which are ongoing. (*See* Docs. 190, 193, 205).

Martin is not entitled to nor may the Court grant him a hearing regarding the forfeiture of property. *See* 21 U.S.C. § 853. The Court therefore **ADOPTS** the R&R as modified by this order and **DENIES** Martin's requests for hearings and counsel (Docs. 181, 183, 185, 201).

**IT IS SO ORDERED.**
**DATED:** February 10, 2012

                                                s./ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**